# CHARLESTON.

EVALINE HATFIELD *v.* BOYD HATFIELD *et al.*

Submitted September 27, 1921.   Decided October 4, 1921.

FRAUDULENT CONVEYANCES—*Bill to Annul Fraudulent Deed, Made to Defeat Judgment Lien, Held Sufficient.*

> A bill to set aside and annul a voluntary and fraudulent deed which charges with reasonable certainty a live judgment in

favor of plaintiff and against the grantor, rendered prior to such deed, and that in order to defeat the collection thereof the grantor and grantee and those holding under him combined and conspired together and executed and recorded such deed, without any consideration therefor deemed valuable in law; and which bill prays that such deed be annulled in so far as plaintiff's judgment is concerned, and the real estate sold in satisfaction thereof, and for general relief, is sufficient, and a demurrer thereto should be overruled.

Appeal from Circuit Court, Mingo County.

Action by Evaline Hatfield against Boyd Hatfield and others. Demurrer to bill sustained, and decree entered dismissing bill. Plaintiff appeals.

*Reversed; Demurrer overruled; Remanded.*

*Stafford & Rhodes,* for appellant.

LIVELY, JUDGE:

The circuit court sustained a demurrer to, and dismissed the plaintiff's bill, and she prosecutes this appeal.

The only question here is upon the sufficiency of the bill. The bill avers that plaintiff, in a suit for divorce which she instituted against defendant, Boyd Hatfield in the year 1917, obtained a decretal judgment against him for alimony and suit money amounting to the sum of $386.00, which has not been paid. That while she and defendant Boyd Hatfield were living together as husband and wife they jointly purchased three lots, Nos. 56, 57 and 58, in what is known as West Williamson, and that she and her husband paid for and owned the same jointly, each having paid one-half the purchase money therefor and each owning a one-half undivided interest therein, and that the deeds for lots 56 and 57 were made to them jointly by the owner of the property from whom they purchased. But without the knowledge or consent of plaintiff, her husband procured a deed or contract for lot 58 to be made to himself and had the same duly recorded in the clerk's office of the county court of Mingo County, a copy of which deed is offered as an exhibit therewith. The amount paid by them for lot 58 was $250.00; and on these lots they built a dwelling house which was insured, and after-

wards destroyed by fire, together with all the household and kitchen furniture therein. The bill further charges that soon after the decree for alimony and suit money was entered against the defendant, her husband, he left the State of West Virginia and became a non-resident thereof; that after the divorce decree was entered, and after her decretal judgments were obtained, Boyd Hatfield, her former husband, conveyed the house and lots to defendant Isom Blackburn, and transferred to him the insurance policy thereon, in both of which, the real property and the insurance, plaintiff had a one-half undivided interest; and that Isom Blackburn very soon thereafter conveyed the interest he had obtained from Boyd Hatfield to defendant York Hatfield; and the deeds are offered as exhibits.    It is charged that York Hatfield is a brother of defendant Boyd Hatfield, her former husband, and that defendant Isom Blackburn is an uncle of Boyd Hatfield, and the bill avers and charges that the conveyance from Boyd Hatfield to Isom Blackburn was voluntary and without any consideration valuable in law, as was also the conveyance from Blackburn to York Hatfield, and that each of said conveyances was fraudulent and was made for the purpose of defrauding and preventing her in the collection of her said debt against Boyd Hatfield, and that defendants Isom Blackburn and York Hatfield, at the time the conveyances to them were made, knew that they were made for the sole and exclusive purpose of preventing the plaintiff from collecting her debt, and to put the property described beyond her reach; and that all of the defendants had full knowledge of the existence of plantiff's debt.    It is also charged that the transfer of the insurance was voluntary and fraudulent and was for the purpose of preventing her from collecting her debt; that Isom Blackburn collected the insurance, amounting to $275.00; and that Boyd Hatfield collected the insurance on the household and kitchen furniture, amounting to $200.00, in which he was interested to the amount of one-half thereof.    The amount of indebtedness which plaintiff claimed against defendant Boyd Hatfield, composed of her judgment for alimony and suit money in the divorce suit, and the one-half interest which she claims in the insurance money, amounts to $623.50.

The prayer is that a decree may be entered setting aside, vacating and holding for naught the conveyances which were executed by Boyd Hatfield to Isom Blackburn and from Isom Blackburn to York Hatfield, as to the plaintiff's debt, and that the assignment of the insurance policy be set aside and held for naught as to plaintiff's debt; and that the one-half undivided interest in the real estate described, being the amount owned by Boyd Hatfield, be made subject to her debt and sold in satisfaction thereof; and for general relief.

While the bill is inaptly drawn, and the allegations therein are somewhat indefinite, it is reasonably clearly alleged therein that the plaintiff has a judgment against defendant Boyd Hatfield, and that at the time the judgment was rendered Boyd Hatfield was the owner of a one-half undivided interest in lots 56 and 57 and had the legal title to lot No. 58 in West Williamson in Mingo County, at least a one-half interest in lot 58, and that in order to hinder, delay and defraud the plaintiff in the collection of her said debt, conveyed his interest in said lots to his uncle, who, in his turn, conveyed the same to defendant York Hatfield, who is a brother of defendant Boyd Hatfield, her former husband. That such conveyances were made with the intent aforesaid and with full knowledge of the other defendants and that they participated therein; that the consideration moving in these conveyances was not valuable; and that all of these three defendants combined and conspired together to hinder, delay and defraud her in the collection of her judgment. These allegations, if they be true, and on demurrer we must consider them to be true, are sufficient to justify a decree setting aside these fraudulent conveyances and subjecting the subject matter thereof to the payment of the judgment. For the purposes of this appeal it is not necessary to pass upon the question whether or not the plaintiff is entitled to any of the insurance on the house and furniture. It is not perceived on what theory the circuit court sustained the demurrer. None is suggested in the record; and no appearance is made on behalf of the appellees. It may be that Boyd Hatfield has other property subject to the jurisdiction of the court and which would be ample to pay the claim of plaintiff, and which is

unencumbered and readily accessible to her demands, and that the court perceived no necessity in proceeding against the lots in question for that reason; but we cannot go out of the record. The conveyance is charged to be without consideration and fraudulent. Under the statute such conveyances are fraudulent per se. It reads: "Every gift, conveyance, assignment, transfer or charge which is not upon consideration deemed valuable in law, shall be void, as to creditors whose debts shall have been contracted at the time it was made," etc. Plaintiff's right to maintain this suit under the allegations of her bill is so well settled by our decisions that we do not deem it necessary to refer to any of them.

We reverse the decree, overrule the demurrer and remand the cause.

*Reversed; Demurrer overruled; Remanded.*